**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5387-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WAYNE B. HIX, a/k/a WAYNE BILAL
HIX, WAYNE HICKS, and WAYNE B.
HICKS,

    Defendant-Appellant.

_____

        Submitted April 3, 2017 — Decided May 17, 2017

        Before Judges Haas and Currier.

        On appeal from the Superior Court of New
        Jersey, Law Division, Union County, Indictment
        No. 08-07-0628.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Monique Moyse, Designated
        Counsel, on the brief).

        Grace H. Park, Acting Union County Prosecutor,
        attorney for respondent (Meredith L. Balo,
        Special Deputy Attorney General/Acting
        Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Wayne Hix appeals from a June 9, 2015 order denying

his petition for post-conviction relief (PCR).  He argues that his

trial counsel minimized the injury he sustained at the hands of the victim, failed to timely raise the issue of his learning disability, and failed to object to the prosecutor's improper comments in summation. Because we find that defendant has failed to present a prima facie showing of ineffective counsel, we affirm.

Defendant was convicted by a jury of manslaughter and unlawful possession of a weapon, and sentenced to an aggregate fifteen-year custodial term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA). We affirmed defendant's conviction, State v. Hix, No. A-5034-09 (App. Div. Aug. 12, 2013), and the subsequent petition for certification was denied. State v. Hix, 217 N.J. 288 (2014).

Defendant filed a PCR petition pro se, and thereafter, a brief was filed by assigned counsel. Judge Scott J. Moynihan heard oral argument on June 9, 2015, and issued an order denying defendant's petition on the same date.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious

that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, l04 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

At trial, defendant and several witnesses testified that after the victim and defendant exchanged verbal insults inside a convenience store, the victim followed defendant out of the store and "slapped" or "smacked" defendant across his face. According to one witness, he heard the blow from inside the store. Defendant recounted that he feared for his life and he stabbed the victim in the chest with a pocketknife, causing his death.

At trial, defendant's counsel and several witnesses, including defendant himself, referred to the injury he suffered from the victim as a "slap" or a "smack." Defendant contends that his counsel failed to appropriately characterize the blow to him, which precluded the jury from properly assessing his claim of self-defense.

In his thorough oral decision, Judge Moynihan carefully detailed every instance throughout the trial where defendant and other witnesses described the blow as a "slap" or a "smack." He

also noted that "it's simply not true that the trial counsel simply referred to the blow by the victim to the defendant [as] merely a slap. She referred to it as a karate slap in her opening statement. . . . And likewise, in her summation." In her closing argument, counsel listed the top ten reasons why the jury should find that defendant acted in self-defense. Her number one reason was:

> [T]his is not just a slap . . . in the face. This was a forceful karate slap. You heard testimony that the slap was so loud it was a slap that could be heard around the world. You heard evidence from [a witness] way up on the third floor she heard the slap. You heard testimony from [defendant's friend] and other people in the store that they could hear the slap and the door was closed . . . .
>
> . . . .
>
> It was a situation where there was a physical encounter which [the victim] initiated, . . . spun him around so that they were face-to-face, slapped the living daylights out of him and then grabbed him again.

The record shows that defense counsel repeatedly emphasized that defendant was hit with a powerful blow in an effort to persuade the jury that his subsequent actions were justified. Judge Moynihan's determination that defendant was unable to meet the first prong of the Strickland-Fritz test is well supported by the evidence presented at trial.

The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We

4

affirm substantially for the reasons expressed by Judge Moynihan as reflected in his well-reasoned oral opinion and add only the following brief comments.

If counsel had chosen to present a diminished capacity defense presumably based on a learning disability asserted by defendant, it would have contradicted the proffered self-defense theory. Counsel's trial strategy is supported by the facts presented in the record and her trial performance was reasonable considering all of the circumstances. Strickland, supra, 466 U.S. at 688.

We are satisfied that defendant did not establish a prima facie case of ineffective counsel and is not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5387-14T3